## IMMUNITY IN SALE OF PLUMAGE OF THE WHITE HERON.

Circuit Court of Stark County.

STATE OF OHIO v. LEO ABT.*

Decided, February Term, 1910.

*Game Birds—White Heron Not Protected by the Ohio Statutes—Sale of its Plumage Not Unlawful—Section 1412, General Code.*

The white or snowy heron is a vagrant species of "water fowl," and as such is a game bird not within the protection of the Ohio statutes, and the sale of its plumage within the state is not unlawful.

*Warren Thomas,* for plaintiff in error.
*Shield & Pomerene* and *Oscar M. Abt,* contra.

PER CURIAM (DONAHUE, TAGGART and MARVIN, JJ.).

The state of Ohio prosecuted the defendant in error, Leo Abt, before Hon. L. M. Barrick, a justice of the peace of Canton township, on an affidavit charging him with having in his possession for sale the plumage of a snowy heron, a wild bird being other than a game bird, contrary to the provisions of the statute in such case made and provided.

The defendant was convicted before the justice and prosecuted error in common pleas court of this county to reverse that judgment and conviction; and the common pleas court on a proceeding in error did reverse the judgment of the justice, *State* v. *Abt,* 9 N.P.(N.S.), 311, and the state now prosecutes error to reverse that judgment of reversal.

There were quite a number of errors assigned in common pleas court, but we think that the principal one and the one controlling in this case, involves a construction of Sections 22 and 25 of

---

* Affirming *Abt* v. *State,* 9 N.P.(N.S.), 311; Circuit Court affirmed by the Supreme Court without opinion, 83 Ohio State, 451.

This opinion is cited in *State of Ohio* v. *Solomon,* 14 C.C.(N.S.), 590, as an opinion unreported at that date, and the holding herein is followed.

act 99 O. L., 369 (General Code, 1409, 1412). Section 22 provides that no person shall catch or kill, injure, pursue, or have in his possession, dead or alive, etc., a large number of birds, specifying them by name, and adds: ''Or any wild bird other than a game bird; no part of the plumage, skin or body of such bird shall be sold or had in possession for sale.'' The snowy heron is not enumerated in Section 22 of this act; so that if it is included within that section, it must appear from the evidence that it is not a game bird.

We are clearly of the opinion that the evidence in this case does not show beyond reasonable doubt that the snowy heron is not a game bird, and for that reason alone the reversal was proper.

Section 25 provides, among other things, that no person shall catch, kill, injure or pursue a wild duck or water fowl on Sunday or Monday of any week, or catch, kill, injure or pursue such water fowl before sunrise or after sunset. This section also enumerates a great many other birds, and concludes as follows: ''The birds named in this section shall be known and classed as game birds in contradistinction to all other birds.''

The evidence in this case conclusively shows that the snowy heron is a water fowl, so that undoubtedly it comes within the provisions of Section 25; and for that reason also, the judgment of reversal was right.

It also fully appears from the evidence in this case that the snowy heron is not a native bird of Ohio; that it is a habitant of southern waters, and is never seen in a wild state in Ohio except very rarely. So that if it is found in the state at all it is only as a vagrant individual of a species, and is not a native bird. We think these statutes are designed to protect the native birds and migratory birds that find a home in this state during certain seasons of the year, as well as other migratory birds that cross the state at regular intervals of each year; and not merely a transient or vagrant individual of a class whose habits are not to migrate either to this state or across it.

The judgment of the common pleas court is affirmed with costs.